RECEIVED
OCT 09 2018
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN TH UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATASHA BOYLAND**
**Plaintiff**

CASE NO.: 3:18-cv-00181-MPM-RP

v.

**FIRST FRANKLIN, A DIVISION OF
NATIONAL CITY BANK OF INDIANA,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, BANK OF AMERICA, SELECT
PORTFOLIO SERVICINGS, INC. AND
RUBIN LUBLIN LLC.**
**Defendants**

## PLAINTIFF'S MOTION FOR LEAVE TO FILE 2ND AMENDED COMPLAINT

Plaintiff NATASHA BOYLAND pro se, respectfully moves the court, pursuant to Rule 15(a) and 19(a) of the Federal Rules of Civil Procedure, for leave to file an 2nd Amended Complaint and adding a party, a copy of which is attached.

1. The Plaintiff named FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK OF INDIANA, DEUTSCHE BANK NATIONAL TRUST COMPANY, BANK OF AMERICA, SELECT PROTFOLIO SERVICING, INC. AND RUBIN LUBLIN LLC in the Amended Complaint.

2. Since the filing of the Amended Complaint the Plaintiff has determined that FIRST FRANKLIN CORPORATION was left off as a defendant by error.

3. The Plaintiff also seeks to amend Amended Compliant that was filed on September 4, 2018, prior to servicing, to clarify claims and provide laws and/or civil rulings to back claims.

4. Defendants RUBIN LUBLIN LLC, BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY has filed a Motion to Dismiss Amended Complaint.

5. When presenting a complaint, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atlantic Corp. v. Twombly, 550 U.S. 562.

6. Presenting a motion to dismiss merely "tests the legal sufficiency of the complaint" thereby not an avenue for making factual findings. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3rd Cir. 1993).

7. "When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint." Murphy v. Bay Colony Property Owners Ass'n, 12 So 3d 924,926.

8. the finding of the court must be "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 558,556; Dura Pharms., Inc. v. Broudo, 554 U.S. 336, 347 (2005).

The court should grant leave freely to amend of complaint, "shall be freely given when justice so requires." Federal Rules of Civil Procedure 15(e). Forman v. Davis, 371 U.S. 178, 182 (1962).

October 4, 2018

Respectfully Submitted,

*Natasha Boyland*

NATASHA BOYLAND
4414 WRENWOOD DRIVE
HORN LAKE, MS 38637

IN TH UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATASHA BOYLAND**
   **Plaintiff**

                            **CASE NO.: 3:18-cv-00181-MPM-RP**

   **v.**

**FIRST FRANKLIN, A DIVISION OF**
**NATIONAL CITY BANK OF INDIANA,**
**FIRST FRANKLIN CORPORATION,**
**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY, BANK OF AMERICA, SELECT**
**PORTFOLIO SERVICINGS, INC. AND**
**RUBIN LUBLIN LLC.**
   **Defendants**

### 2nd Amended Complaint

**PARTIES JURISDICTION AND VENUE**

1. Plaintiff, NATASHA BOYLAND pro se, of 4414 WRENWOOD DRIVE, HORN LAKE, MS 38637 OF DESOTO COUNTY.

2. Defendant Number 1, FIRST FRANKLIN A DIVISION OF NATIONAL CITY BANK OF INDIANA, a for profit Corporation incorporated under the laws of the State of CALIFORNIA and has its principal place of business located at 2150 NORTH FIRST STREET SUITE 600, SAN JOSE, CA of SANTA CLARA COUNTY.

3. Defendant Number 2, FIRST FRANKLIN CORPORATION, a for profit Corporation incorporated under the laws of the State of CALIFORNIA and has its principal place of business located at 2150 NORTH FIRST STREET SUTIE 600, SAN JOSE, CA of SANTA CLARA COUNTY.

4. Defendant Number 3, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUST ADMINISTRATION FRIST FRANKLIN 2005-FFH3, a for profit Corporation incorporated under the laws of the State of CALIFORNIA and has its principal place of business located at 1761 EAST SAINT ANDREW PLACE, SANTA ANA, CA of ORANGE COUNTY.

5. Defendant Number 4, BANK OF AMERICA, a for profit Corporation incorporated under the laws of the State of DELAWARE and has its principal place of business located at 100 N. TRYON STREET, CHARLOTTE, NC of MECKLENBURY COUNTY.

6. Defendant Number 5, SELECT PROTFOLIO SERVICING, INC, a for profit Corporation incorporated under the laws of the State of UTAH, and has its principal place of business located at 3217 SOUTH DECKER LAKE DRIVE, SALT LAKE CITY, UT of SALT LAKE COUNTY.

7. Defendant Number 6, RUBIN LUBLIN LLC, a for profit Corporation is incorporated under the laws of the State of GEORGIA and has its principal place of business in the State of GEORGIA but also operated at 428 NORTH LAMAR AVENUE SUITE 107, OXFORD, MS, of LAFAYETTE COUNTY.

8. The events giving rise to this action took place in DESOTO COUNTY, MISSISSIPPI.

9. The jurisdiction is proper under 18 U.S.C. A. § 1331.

10. The amount in controversy is within the jurisdiction of this court because Plaintiff claims damages in excess of $1,527,053.43 USD (One Million Five Hundred Twenty-Seven Thousand Fifty-Three and Forty-two cents USD) not to include interest, cost of court, statutory and/or punitive damages, and penalties.

11. Venue in the Northern District of Mississippi is proper under 28 U.S.C.A. § 1391 (b)(c)(g).

## GENERAL ALLEGATIONS

1. On or about July 18, 2005, the plaintiff closed on and purchased her home, along with her deceased husband Timothy Thornton, which she believed to be a loan of money from Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN in the amount $134,995.00 (One Hundred Thirty-Four Thousand Nine Hundred Ninety-Five Dollars) to purchase the property located at 4414 WRENWOOD DRIVE HORN LAKE, DESOTO COUNTY, MS, 38637.

2. The Plaintiff was given unsigned blank real-estate documents during the time of closing which was the first sign of deceptive intent, Plaintiff's EXHIBIT (Exhibit B).

3. On or about August 31, 2005 an assignment to Defendant, FIRST FRANKLIN CORPORATION was recorded with Chancery Clerk of DeSoto County Mississippi in Book 2,313 on page 489, Plaintiff's EXHIBIT (Exhibit C).

4. On or about August 1, 2005 a Pooling and Service agreement was entered between FIRST FRANKLIN and Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY that was closed on or about October 6, 2005 according to publicly available Security Exchange Commission (SEC) records, Plaintiff's EXHIBIT (Exhibit K).

5. On or about August 18, 2014 am assignment to Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, presented by BANK OF AMERICA, was recorded with Chancery Clerk of DeSoto County Mississippi in Book 3,862 page 179, Plaintiff's EXHIBIT (Exhibit D).

6. On or about June 22, 2018 an assignment to Defendant, RUBIN LUBLIN, LLC as Successor Trustee was recorded with Chancery Clerk of DeSoto County Mississippi in Book 4,562 page 320, Plaintiff's EXHIBIT (Exhibit E).

7. On or about June 2012 the plaintiff received a letter stating that Defendant, BANK OF AMERICA would be handling the loan due to a class action lawsuit filed against FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and payments to alleged loan should be paid to them.

8. From about 2012 to 2013 the Plaintiff made mortgage payments to Defendant BANK OF AMERICA.

9. On or about December 2013 the plaintiff received a letter stating that Defendant, SELECT PORTFOLIO SERVICINGS, INC. would be servicing alleged loan and that payments should be made to them starting January 2014.

10. In January of 2014 the Plaintiff made her initial mortgage payment to Defendant SELECT PORTOFOLIO SERVICING, INC.

11. Throughout the real-estate documents received by the Plaintiff at the time of closing on the subject property, and specifically the Adjustable Rate Note, the mortgage, Plaintiff's EXHIBIT (Exhibit B), Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN claim to have given a loan of money to the Plaintiff.

12. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN claims to have extended credit to the Plaintiff on the Truth in Lending Disclosure Statement, Plaintiff's EXHIBIT (Exhibit O).

13. At the time of closing the plaintiff was misled into granting Defendant, FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN a mortgage on subject property, because FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN has no legal right to an enforceable mortgage.

14. In September of 2017 the Plaintiff discontinued any further payments to Defendant SELECT PORTFOLIO SERVICING, INC. after discovering the fraud that was committed by Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN.

## FRAUD

1. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN grossly misrepresented the part they played in the alleged loan transaction. "a lawful consideration must exist and be tendered to support the note." Anheuser Busch Brewing Co. v. Emma Mason, 44 Minn. 318. 46 NW 558.

2. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never extended credit to Plaintiff to purchase the subject property. "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit. If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to. If not careful, the

power would be the mother of panics, . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another." American Express Co. v. Citizens State Bank, 194 NW 429.

3. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION do not have the legal capacity to loan credit according to Article I 10 of the Constitution of the United States of America, and the cases Farmers' & Miners' Bank v. Bluefield Nat Bank, 271 U.S. 669, 46 S Ct. 483, 70 L. Ed. 1142 (1926), and Bowen v. Needles Nat. Bank, 94 F. 925 (C.C.A. 9th Cir. 1899).

4. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never gave the Plaintiff a loan of money from their own capital to purchase the subject property.

5. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION do not have the legal capacity to loan the Plaintiff money from their own capital according to the National Back Act under Chapter 106 Section 35, (codified at 12 U.S.C. § 83).

6. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never took a risk in the alleged loan transaction that would entitle them to be repaid money with interest. "A promise to pay cannot, by argument, however ingenious, be made the equivalent of actual payment ..." Christensen v. Beebe, 91 P 133, 32 Utah 406.

7. There is no possible way that Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION could have loaned the Plaintiff money because according to the National Back Act under Chapter 107 Section 37 states: no association shall, either directly or indirectly, pledge or hypothecate any of its notes of circulation, for the purpose of procuring money to be paid in on its capital stock, or to be used in its banking operations, or otherwise, nor shall any association use its circulation notes, or any part thereof, in any manner or form, to create or increase its capital stock."

8. The Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION could not have given the Plaintiff a loan of money because it is a Federal Crime according to 18 U.S.C. § 334 "shall be fined under this title or imprisoned not more than five years, or both."

9. The Plaintiff's Adjustable Rate Note that was signed at the time of closing is a negotiable instrument that has monetary value the same as a check or a draft according to the Uniform Commercial Code (UCC) Article 3-104(a), (b), (e) and (f).

10. The Plaintiff's Adjustable Rate Note, Defendants SELECT PORTFOLIO SERVICING, INC AND DEUTSCHE BANK NATIONAL TRUST COMPANY EXHIBIT 1 page 4 is stamped and indorsed by FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and is clearly identified as an Order to Pay. Furthermore, it is also indorsed in blank by FIRST FRANKLIN CORPORATION as an Order to Pay.

11. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN swindled the Plaintiff out of her promissory note and used the proceeds to purchase the subject property.

12. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN breached their fiduciary duty by using the "instrument" or the Plaintiff's promissory note for their own benefit and is therefore liable under UCC 3-307(b)(1) and (2).

13. Defendants FIRST FRANKLIN CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC. AND RUBIN LUBLIN LLC is a party to the fraud as a consequerce of their purchase and/or participation in unlawfully attempting to enforce the Plaintiff's alleged loan.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully request that this Honorable Court enforce the civil remedy applicable in this case, according to UCC 3-305 and 3-306, the Plaintiff "has a right to recover the instrument (the original promissory note) or its proceeds" Order: actual damages be granted to the Plaintiff in the amount of $134,995.00 USD (One Hundred Thirty-Four Thousand Nine Hundred Ninety- five USD) which is the amount of the "proceeds" or original note that the Plaintiff was defrauded out. After a complete review of the accurate amounts paid to BANK OF AMERICA and SELECT PORTFOLIO SERVICING, INC. Plaintiff ask those amounts to be granted to the Plaintiff, in accordance with Recovery of Money Paid Under Mistake of Fact (1887). Plaintiff also request punitive damages as a penalty to deter any future fraudulent actions on the part of the Defendants in the amount that the court or finder of facts deems fair, adequate and just along with reasonable litigation expenses; convey all interest in the subject property located at 4414 WRENWOOD DRIVE, HORN LAKE, DESOTO COUNTY, MISSISSIPPI 38637 back to Plaintiff and release any and all mortgage liens on the subject property, "because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representation" Whipp v. Iverson, 43 Wis. 2d 166, 168 N. W. 2d 201 (1969); that Defendants, within 21 days of the final Judgement of this court, give corrected information to the credit bureaus. Lastly, Plaintiff requests that Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN , FIRST FRANKLIN CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY , BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC., and RUBIN LUBLIN LLC give a formal apology in writing for any inconvenience that their actions may have caused my family as well as myself.

Under Penalties of Perjury of the laws of these United States of America, Plaintiff NATASHA BOYLAND declares that I have personally prepared this complaint, and to the best of my knowledge it is true, correct and complete and if called upon I will testify to its accuracy. For this complaint cannot be deemed frivolous if it is signed under Penalties and Perjury.

October 4, 2018

Respectfully submitted,

*Natasha Boyland*
NATASHA BOYLAND
4414 WRENWOOD DRIVE
HORN LAKE, MS 38637
901-406-8502
nmboyland@icloud.com

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

**Borrower:**
NATASHA THORNTON
4414 WRENWOOD DRIVE
HORN LAKE, MS 38637

**Creditor:**
FIRST FRANKLIN
A DIVISION OF NAT. CITY BANK OF IN
2150 NORTH FIRST STREET
SAN JOSE, CA 95131

Loan Number: 4000414256

Date: 07/18/2005

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after your have made all payments as scheduled. |
| 10.5892% | $308,275.52 | $128,909.48 | $437,185.00 |

Note Rate:   8.3750%           Loan Amount:   $134,995.00

Your payment schedule will be:

| No. of Pmts. | Amount of Pmts. | Monthly Pmts. Begin | No. of Pmts. | Amount of Pmts. | Monthly Pmts. Begin | No. of Pmts. | Amount of Pmts. | Monthly Pmts. Begin |
|---|---|---|---|---|---|---|---|---|
| 24 | $1,026.06 | 09/01/2005 | | | | | | |
| 335 | $1,227.84 | 09/01/2007 | | | | | | |
| 1 | $1,233.16 | 08/01/2035 | | | | | | |

THIS LOAN WILL CONTAIN A PREPAYMENT PENALTY FOR 24 MONTHS.

VARIABLE RATE: Your loan contains a variable-rate feature. Disclosures about the variable-rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit:    *Property
  You may obtain the insurance from anyone that is acceptable to creditor.

SECURITY: You are giving a security interest in the real property being purchased.
  Property address: 4414 WRENWOOD DRIVE, HORN LAKE, MS  38637

LATE CHARGE:   If a payment is more than 15 days late, you will be charged 5.0000% of the payment.

PREPAYMENT: If you pay off your loan early,  * You may have to pay a penalty.
  * You will not be entitled to a refund of part of the finance charge.

ASSUMPTION: Someone buying your property may assume the remainder of your loan on the original terms.
THE ANNUAL PERCENTAGE RATE (APR) IS NOT THE SAME AS THE INTEREST RATE (NOTE RATE) OF THE MORTGAGE FOR WHICH YOU APPLIED. THE NOTE RATE DESCRIBES ONLY THE INTEREST. THE APR, WHICH IS USUALLY HIGHER, INCLUDES OTHER ITEMS SUCH AS DISCOUNT POINTS, FEES, FINANCE CHARGES AND CERTAIN OTHER CHARGES WHICH ARE REQUIRED TO BE PAID TO OBTAIN THE LOAN.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

_____  07-18-05
NATASHA THORNTON                          DATE

_____  07-18-05
TIMOTHY THORNTON                          DATE

Exhibit "O"

Boyland
4414 Wrenwood Drive
Horn Lake, MS 38637

US District Court
Federal Building
911 Jackson Ave E
Oxford, MS 38655




U.S. POSTAGE PAID
FCM LG ENV
SOUTHAVEN, MS
38671
OCT 04, 18
AMOUNT
$1.21
R2305M144213-15