## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| NATASHA BOYLAND,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST FRANKLIN A DIVISION OF NATIONAL CITY BANK OF INDIANA, DEUTSCHE BANK NATIONAL TRUST COMPANY, BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC., RUBIN LUBLIN, LLC<br><br>    Defendants. | Case No.: 3:18-CV-00181-MPM-RP |

### RESPONSE TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin"), a Defendant in the above styled action, and files its response to Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. 22] (the "Motion for Leave"), respectfully showing this Honorable Court as follows:

### RELEVANT FACTS AND PROCEDURAL HISTORY

**A.    Procedural History**

Currently before the Court is Plaintiff Natasha Boyland's third attempt to state a claim related to a foreclosure sale against various Defendants under frivolous legal theories. The initial Complaint was filed on August 24, 2018. [Doc. 1]. Before ever serving the Complaint, the Plaintiff filed an Amended Complaint on September 4, 2018. [Doc. 8]. The Amended Complaint was met by motions to dismiss by all of the Defendants. [Docs. 14, 16, 18]. In response to the

1

various motions to dismiss, the Plaintiff filed the instant Motion for Leave to File a Second Amended Complaint. [Doc. 22].

**B.      Allegations in Proposed Second Amended Complaint**

In the Proposed Second Amended Complaint (the "Proposed Amendment"), the Plaintiff sets forth a laundry list of allegations that, in no way, give rise to any claim against Rubin Lublin.

The Proposed Amendment begins by alleging that on July 18, 2005, the Plaintiff purchased the property located at 4414 Wrenwood Drive, Horn Lake, Mississippi 38637 (the "Property"), and financed that purchase with a mortgage loan from First Franklin, a Div. of Nat. City Bank of Indiana ("First Franklin") in the amount of $134,995.00. [Doc. 22] at p. 4, ¶ 1. The Plaintiff alleges that at the closing of this loan, she "was given unsigned blank real-estate documents . . . which was the first sign of deceptive intent." *Id.* at ¶ 2. The Plaintiff then attempts to lay out various assignments of the subject deed of trust, along with changes in the loan servicer. Rubin Lublin is noted only as the Successor Trustee. *Id.* at p. 5, ¶ 6.[1]

---

[1] The Proposed Amendment references Exhibits A-O. However, there is only one document attached to the Proposed Amendment. The fact that Rubin Lublin is only the trustee under the deed of trust is evident by documents attached to the First Amended Complaint. On July 18, 2005, the Plaintiff obtained a mortgage loan from First Franklin, a division of National City Bank of Indiana in the amount of $134,995.00 (the "Loan"). *See* [Doc. 8-3] at p. 26. To secure repayment of the Loan, the Plaintiff and her husband, Timothy Thornton, conveyed the Property via deed of trust to Bridgeforth & Buntin, as Trustee for First Franklin, a division of National City Bank of Indiana (the "Deed of Trust"). *Id.* at p. 30. On June 24, 2014, First Franklin, a division of National City Bank of Indiana assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of First Franklin Mortgage Loan Trust Series 2005-FFH3, Asset-Backed Certificates, Series 205-FFH3. [Doc. 8] at p. 7. Rubin Lublin was appointed as the Successor Trustee on May 10, 2018. *Id.*

Following the Plaintiff's supposed overview of the title chain and loan servicing transfers, the Plaintiff makes a series of allegations about First Franklin supposedly not being allowed to lend money:

> 1. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN grossly misrepresented the part they played in the alleged loan transaction, "a lawful consideration must exist and be tendered to support the note." Anheuser Busch Brewing Co. v. Emma Mason, 44 Minn. 318. 46 NW 558.
>
> 2. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never extended credit to Plaintiff to purchase the subject property. "Neither, as included in its powers not incidental to them, is it a part of a bank's business to lend its credit. If a bank could lend its credit as well as its money, it might, if it received compensation and was careful to put its name only to solid paper, make a great deal more than any lawful interest on its money would amount to. If not careful, the power would be the mother of panics, . . . Indeed, lending credit is the exact opposite of lending money, which is the real business of a bank, for while the latter creates a liability in favor of the bank, the former gives rise to a liability of the bank to another." American Express Co. v. Citizens State Bank, 194 NW 429.
> 3. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION do not have the legal capacity to loan credit according to Article 1 10 of the Constitution of the United States of America, and the cases Farmers' & Miners' Bank v. Bluefield Nat Bank, 271 U.S. 669, 46 S Ct. 483, 70 L. Ed. 1142 (1926), and Bowen v. Needles Nat. Bank, 94 F. 925 (C.C.A. 9th Cir. 1899).
>
> 4. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never gave the Plaintiff a loan of money from their own capital to purchase the subject property.
>
> 5. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION do not have the legal capacity to loan the Plaintiff money from their own capital according to the National Back Act under Chapter 106 Section 35, (codified at 12 U.S.C. § 83).
>
> 6. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN never took a risk in the alleged loan transaction that would entitle them to be repaid money with interest. "A promise to pay cannot, by argument, however ingenious, be made the equivalent of actual payment ..." Christensen v. Beebe, 91 P 133, 32 Utah 406.
>
> 7. There is no possible way that Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION could have loaned the Plaintiff money because according to the National Back Act under

Chapter 107 Section 37 states: no association shall, either directly or indirectly, pledge or hypothecate any of its notes of circulation, for the purpose of procuring money to be paid in on its capital stock, or to be used in its banking operations, or otherwise, nor shall any association use its circulation notes, or any part thereof, in any manner or form, to create or increase its capital stock."

8. The Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION could not have given the Plaintiff a loan of money because it is a Federal Crime according to 18 U.S.C. § 334 "shall be fined under this title or imprisoned not more than five years, or both."

9. The Plaintiff's Adjustable Rate Note that was signed at the time of closing is a negotiable instrument that has monetary value the same as a check or a draft according to the Uniform Commercial Code (UCC) Article 3-104(a), (b), (e) and (f).

10. The Plaintiff's Adjustable Rate Note, Defendants SELECT PORTFOLIO SERVICING, INC AND DEUTSCHE BANK NATIONAL TRUST COMPANY EXHIBIT 1 page 4 is stamped and indorsed by FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and is clearly identified as an Order to Pay. Furthermore, it is also indorsed in blank by FIRST FRANKLIN CORPORATION as an Order to Pay.

11. Defendants FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN swindled the Plaintiff out of her promissory note and used the proceeds to purchase the subject property.

12. Defendant FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN breached their fiduciary duty by using the "instrument" or the Plaintiff's promissory note for their own benefit and is therefore liable under UCC 3-307(b)(l) and (2).

13. Defendants FIRST FRANKLIN CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC. AND RUBIN LUBLIN LLC is a party to the fraud as a consequence of their purchase and/or participation in unlawfully attempting to enforce the Plaintiff's alleged loan.

*Id.* at pp. 5-7.

All of these allegations are couched in a claim of fraud against all of the Defendants. However, it is clear that the Plaintiff is simply utilizing frivolous theories in an attempt to stop a

lawful foreclosure sale. The Motion for Leave should be denied, and Rubin Lublin's Motion to Dismiss should be granted.

## ARGUMENT AND CITATION OF AUTHORITY

A.  STANDARD OF REVIEW

Although Fed. R. Civ. P. 15(a) directs that leave should be freely given, this is not without its bounds. "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amended complaint is futile if it fails to state a claim under Rule 12(b)(6). *Id*.

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the Complaint fails to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id*.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at (citing *Twombly*, 550 U.S. at 555).

B.  **THE PROPOSED AMENDMENT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

This Proposed Amendment fails entirely to state any claim for relief. It attempts to state just one claim, for fraud.

> In order to succeed on a claim of fraud, a party must prove by clear and convincing evidence each of the following nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or

5

> ignorance of its truth; (5) his intent that it should be acted on by the person in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Watson Labs., Inc. v. State*, 241 So. 3d 573, 594 (Miss. 2018) (citation omitted).

Under Fed. R. Civ. P. 9(b), all allegation of fraud must be pleaded with particularity.

> "[The Fifth Circuit] interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564–65 (5th Cir.2002) (internal quotations omitted). Put simply, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *ABC Arbitrage Plaintiffs Group v. Tchuruk,* 291 F.3d 336, 350 (5th Cir.2002) (internal quotations omitted).

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Here, the Plaintiff has utterly failed to provide even a vague skeleton of the circumstances and facts which she believes are fraudulent. Instead, she presents disjointed and confusing (supposed) statements of the law, stating that First Franklin lent her credit, not money, and therefore the loan must be invalid. Setting aside the utter ridiculousness of these allegations, the Plaintiff never once describes how she believes she has been defrauded. To the contrary, she alleged that the loan from First Franklin enabled her and her late husband to purchase the Property (their home) in 2005. Without any allegations that show, with particularity, that the elements of fraud are present, the Motion for Leave must be denied.

Moreover, all the allegations are directed solely at First Franklin, the originator of the mortgage and a party in no way connected to Rubin Lublin. The Proposed Amendment pleads no facts whatsoever regarding any acts – right or wrong – by Rubin Lublin. It is only mentioned as the current trustee of the Deed of Trust. To survive a Motion to Dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Here, the Plaintiff has not alleged any facts, and that is clearly fatal under *Twombly*. Rubin Lublin should not be forced to further defend itself against baseless complaints, and the Motion for Leave should be denied.

## CONCLUSION

For the reasons detailed above, Rubin Lublin respectfully requests that this Court deny the requested amendment and grant its Motion to Dismiss.

Respectfully submitted, this 22nd day of October 2018.

></br>*/s/ Amanda M. Beckett*
AMANDA M. BECKETT (MS Bar No. 102738)
**Rubin Lublin, LLC**
428 North Lamar Blvd., Suite 107
Oxford, MS 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rubinlublin.com

*Attorney for Rubin Lublin, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 22nd day of October 2018, filed the within and foregoing by CM/ECF, which will serve notice on all parties. Further, on October 22, 2018, I caused a true and correct copy of the within and foregoing to be served via U.S. First Class Mail, addressed as follows:

Natasha Boyland
4414 Wrenwood Drive
Horn Lake, MS 38637

                                         */s/ Amanda M. Beckett*
                                         AMANDA M. BECKETT (MS Bar No. 102738)