Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NATASHA BOYLAND                                                                              PLAINTIFF

v.                                                                    CIVIL ACTION
                                                                      NO. 3:18-CV-00181-MPM-RP

FIRST FRANKLIN, A DIVISION OF NATIONAL                                                       DEFENDANTS
CITY BANK OF INDIANA; DEUTSCHE BANK
NATIONAL TRUST COMPANY; BANK OF
AMERICA; SELECT PORTFOLIO SERVICING,
INC.; AND RUBIN LUBLIN, LLC

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**  2

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**  6

    **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**  2

    Plaintiff may choose to call expert witnesses. Defendants do not anticipate calling any expert witnesses.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

    At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

    The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   If the parties have not made disclosures as required by the Rules, they must do so no later than November 13, 2018.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will not assist in the prompt resolution of this action.

   Statement Not Applicable.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   A. Interrogatories are limited to __25__ succinct questions.

   B. Requests for Production are limited to __25__ succinct questions.

   C. Requests for Admissions are limited to __25__ succinct questions.

   D. Depositions are limited to the parties, experts, and no more than

   __5__ fact witness depositions per party without additional approval of the Court.

**E.** The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

If the parties have not done so, they must institute a litigation hold on any ESI and either disclose or produce upon request discoverable information as may be required by the disclosure and discovery Rules.

The parties and any counsel are reminded that they have a strict obligation to preserve any potentially discoverable information which may be stored in electronic form. They are further ORDERED not to delete any ESI related to this matter, including but not limited to e-mails (both those stored on a party's hard drive or through an online internet service such as "gmail" or "yahoo"), electronic texts, social networking sites, word processing documents and spreadsheet documents, etc.

**F.** The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑ 5. Other:

Because the plaintiff is proceeding pro se in this action, the court has issued this Case Management Order without conducting a case management conference. Defense counsel is directed to confer with the plaintiff to assure that discovery matters are clarified before presentation of such matters to the court for resolution. Plaintiff is reminded that despite her pro se status, she is expected to abide by applicable Federal Rules and the Local Rules of this court and should familiarize herself with them.

FORM 1 (ND/SD MISS. JAN. 2018)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  NON-JURY TRIAL

   beginning on: November 4, 2019 , at 9:30 , a.m. , in Oxford ,

   Mississippi, before United States  District  Judge  Michael P. Mills .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS     2    . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: October 8, 2019 , at 10:00 , a.m. ,

   in  Oxford , Mississippi, before United States  Magistrate

   Judge Roy Percy .

   C. **Discovery.** All discovery must be completed by: June 14, 2019 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by: November 30, 2018 .

   E. **Experts.** The parties' experts must be designated by the following dates:

      1. Plaintiff(s):   March 14, 2019 .

      2. Defendant(s):   April 15, 2019 .

Form 1 (ND/SD Miss. Jan. 2018)

8. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: July 5, 2019 . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **Settlement Conference.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **Report Regarding ADR.** On or before (7 days before FPTC) October 1, 2019 , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**So Ordered:**

10/30/2018
DATE

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE