IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATASHA BOYLAND**                                                                          **PLAINTIFF**

v.                                                                       **CIVIL ACTION NO. 3:18-cv-181-MPM-RP**

**FIRST FRANKLIN, A DIVISION OF**
**NATIONAL CITY BANK OF INDIANA,**
**DEUSCHE BANK NATIONAL TRUST COMPANY,**
**BANK OF AMERICA, SELECT PORTFOLIO**
**SERVICING, INC., and RUBIN LUBLIN, LLC**                    **DEFENDANTS**

**ORDER GRANTING MOTION FOR**
**LEAVE TO FILE 2ND AMENDED COMPLAINT**

Plaintiff Natasha Boyland filed her original Complaint in this action on August 24, 2018, and her Amended Complaint on September 4, 2018. Docket 1, 8. On October 9, 2018, Plaintiff moved for leave to file her Second Amended Complaint to add First Franklin Corporation as a defendant. Docket 22.

Defendants Bank of America, N.A. and First Franklin a Division of National City Bank of Indiana filed a response stating that neither Defendant opposes the requested relief. However, on October 22, 2018, Defendant Rubin Lublin, LLC filed a response opposing Plaintiff's motion, arguing that the proposed amendment fails to state a claim against Rubin Lublin and should be denied. Docket 28, 29. Rubin Lublin claims it was appointed as the Successor Trustee to the subject deed of trust yet argues that Plaintiff's claims are directed solely at First Franklin and contain no facts regarding any actions taken by Rubin Lublin. Docket 29. Citing *Bell Atlantic Corporation v. Twombly*, Rubin Lublin asserts that Plaintiff's failure to allege "enough facts to state a claim to relief that is plausible on its face" warrants denying the motion to amend. *Twombly*, 550 U.S. 554, 570 (2007).

Federal Rule of Civil Procedure 15 states that the court should "freely give leave when justice so requires," and the Fifth Circuit has held that "[a]mendments should be liberally allowed." Fed. R. Civ. P. 15(a)(2); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted). The Court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court has considered Rubin Lublin's objections on the grounds of futility and declines to deny Plaintiff's motion to amend on that basis. This case is in the early stages of litigation, and the Court will not deny Plaintiff the opportunity to add a new defendant based on another defendant's argument that Plaintiff's claims against it should be dismissed. Rubin Lublin will be free to move to dismiss Plaintiff's Second Amended Complaint. The Court finds that Plaintiff's motion is well taken and should be **GRANTED.** Plaintiff must electronically file her Second Amended Complaint in the same form as that attached to the motion by November 7, 2018.

**SO ORDERED**, this the 1st day of November, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE