IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATASHA BOYLAND**                                                         **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 3:18-cv-00181-MPM-RP**

**FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK OF IN, FIRST FRANKLIN CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, BANK OF AMERICA, SELECT PORTFOLIO SERVICING, INC. AND RUBIN LUBLIN LLC.**

                                                                               **DEFENDANTS**

**FIRST FRANKLIN IN'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant First Franklin a Division of National City Bank of IN ("First Franklin IN") is entitled to dismissal of the claims asserted against it by Plaintiff Natasha Boyland ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). As support, First Franklin IN states:

**BACKGROUND AND FACTUAL ALLEGATIONS**

On or about August 24, 2018, Plaintiff filed her Complaint for Interpleader and Declaratory Relief. [Doc. 1]. Subsequently, before Defendants were served, on September 4, 2018, Plaintiff filed an Amended Complaint for Interpleader and Declaratory Relief. [Doc. 8]. On October 9, 2018, Plaintiff filed Plaintiff's Motion for Leave to File 2nd Amended Complaint. [Doc. 22]. On November 1, 2018, the Court granted Plaintiff's motion for leave. [Doc. 32]. On November 6, 2018, Plaintiff filed the 2nd Amended Complaint. [Doc. 34]. The 2nd Amended Complaint contains one count for fraud.

In the 2nd Amended Complaint, Plaintiff alleges that on or about July 18, 2005, Plaintiff executed a note in the amount of $134,995.00 in favor of First Franklin IN ("Note"). *Id*. ¶ 1, p.2;

1

*See* Note attached to Motion as **Exhibit A**.[1] The Note is secured by a deed of trust ("Deed of Trust") encumbering property located at 4414 Wrenwood Drive, Horn Lake, MS (the "Property"). *See* Deed of Trust attached to Motion as **Exhibit B**. According to Plaintiff, the Deed of Trust was assigned to Defendant First Franklin Corporation on or about August 31, 2005. [Doc. 34 ¶ 3, p.2].[2] First Franklin IN entered into a pooling and servicing agreement with Defendant Deutsche Bank National Trust Company, as Trustee, in Trust for registered holders of First Franklin Mortgage Loan Trust 2005-FFH3 ("Deutsche Bank") on or about August 1, 2005. *Id*. ¶ 4, p.2.[3] Then, on or about August 18, 2014, the Deed of Trust was assigned to Deutsche Bank. *Id*. ¶ 5, p.2.[4] And, on or about June 22, 2018, Defendant Rubin Lublin was assigned as the successor trustee. *Id*. ¶ 6, p.3.[5]

Plaintiff further alleges that in June 2012 she received a letter from Defendant Bank of America ("BANA") advising that BANA would be handling the loan due to a class action lawsuit against First Franklin IN. *Id*. ¶ 7, p.3. From 2012 to 2013, Plaintiff made her monthly

---

[1] "In deciding a Rule 12(b)(6) motion, a court generally may not 'go outside the complaint.'" *In re Blalock*, 537 B.R. 284, 293-94 (Bankr. S.D. Miss. 2015) (citing *Rodriguez v. Rutter*, 310 Fed. Appx. 623, 626 (5th Cir. 2009)). "An exception to the general rule allows a court to consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to a claim." *Id*. (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id*. (citing *Carter v. Target Corp.*, 541 F. App'x 413, 416-17 (5th Cir. 2013)). Here, the Plaintiff refers to the Note and Deed of Trust, and the documents are central to Plaintiff's claim.

[2] Plaintiff states that the assignment is attached as Exhibit C; however, no such exhibit is attached to the 2nd Amended Complaint.

[3] Plaintiff states that the pooling and servicing agreement is attached as Exhibit K; however, no such exhibit is attached to the 2nd Amended Complaint.

[4] Plaintiff states that the assignment is attached as Exhibit D; however, no such exhibit is attached to the 2nd Amended Complaint.

[5] Plaintiff states that the assignment is attached as Exhibit E; however, no such exhibit is attached to the 2nd Amended Complaint.

mortgage payments to BANA until December 2013 when Plaintiff was advised that Defendant Select Portfolio Servicing, Inc. ("SPS") would be servicing her loan. *Id*. ¶¶ 8-9, p.3. Plaintiff claims she continued to make her loan payments to SPS until September 2017 when she discontinued further payment after discovering fraud committed by First Franklin IN. *Id*. ¶¶ 10, 14; p.3.

Plaintiff claims First Franklin IN committed fraud because (a) First Franklin IN claims to have given a loan of money to Plaintiff when it never actually gave Plaintiff a loan from its own capital [*Id*. ¶¶ 11, 2, 4; p.4-5[6]] and (b) First Franklin IN and First Franklin Corporation did not have legal capacity to loan credit or money from their own capital. *Id*. ¶¶ 3, 5; p.4. Based upon these allegations, Plaintiff seeks to recover the Note "or its proceeds," the amounts paid to BANA and SPS pursuant to the loan, punitive damages, the release of the Deed of Trust, credit reporting correction, ,and a formal written apology.

Plaintiff's 2nd Amended Complaint should be dismissed with prejudice because Plaintiff has not and cannot state a claim for fraud, and Plaintiff's claim is barred by the statute of limitations.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To defeat a Rule 12(b)(6) motion, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Shakir v. Chase Home Fin., N.A.*, No. 2:10CV153-NBB-JMV, 2011 U.S. Dist. LEXIS 106973, at *4-5 (N.D. Miss. Aug. 29, 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

---

[6] At the start of Plaintiff's fraud claim, she restarts the numbering of the paragraphs back at 1.

defendant has acted unlawfully." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 548).

In ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994), and must "accept[ ] as true those well-pleaded factual allegations in the complaint." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). Conclusory allegations are not accepted as true, however. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In addition to facts alleged in the pleadings, the district court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). And "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel*, 15 F.3d at 1343 n.6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.")). Here, even if the Court accepts Plaintiff's factual allegations as true, it is clear she has not stated a claim for relief that is plausible on its face, and dismissal with prejudice is warranted.

## **ARGUMENT**

Plaintiff's 2nd Amended Complaint should be dismissed because it fails to state a claim for fraud and because it is barred by the statute of limitations.

> In order to succeed on a claim of fraud, a party must prove by clear and convincing evidence each of the following nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Watson Labs., Inc. v. State*, 241 So. 3d 573, 594 (Miss. 2018) (citation omitted).

Further, under Fed. R. Civ. P. 9(b), all allegations of fraud must be pleaded with particularity.

> [The Fifth Circuit] interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. Put simply, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue.

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotations and citations omitted).

Here, Plaintiff fails to allege any element of fraud, let alone with particularity. Plaintiff does not allege First Franklin IN made any specific misrepresentation to her, that she relied on the misrepresentation, or that she was damaged by any misrepresentation. Instead, Plaintiff cites to unrelated federal statutes regulating the Federal Reserve and national banks without any explanation as to how First Franklin IN defrauded Plaintiff. Plaintiff has not set forth "who, what, when, where, and how" the alleged fraud took place. Moreover, Plaintiff's conclusion that First Franklin IN did not loan her money defies logic because Plaintiff admits that the loan enabled her to purchase the Property. [Doc. 34, ¶ 1, p.2]. As such, Plaintiff's 2nd Amended Complaint should be dismissed with prejudice.

Plaintiff's 2nd Amended Complaint should also be dismissed because it is barred by the statute of limitations. In Mississippi, a claim of fraud has a three-year statute of limitations under Miss. Code Ann. § 15-1-49. *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So. 2d 78, 82 (Miss. 2003). Here, although Plaintiff alleges that "in September of 2017 [she] discontinued any further payments . . . after discovering the fraud that was committed by [First Franklin IN]", she does not allege that she had any dealings with First Franklin IN following 2012. [Doc. 34, ¶

14, p.3]. In Paragraph 1 of her fraud count, Plaintiff alleges that First Franklin IN "grossly misrepresented the part they played in the alleged loan transaction." *Id.*, ¶ 1, p.3. This would mean that any alleged fraud took place in 2005. However, Plaintiff did not file her claim until 2018 – thirteen (13) years later. As a result, Plaintiff's claims against First Franklin IN are barred by the statute of limitations and should be dismissed with prejudice.

## CONCLUSION

Even accepting Plaintiff's allegations as true, as the Court must do when considering a motion to dismiss, Plaintiff failed to state any legally cognizable claim. As such, Plaintiff is not entitled to any relief sought in the 2nd Amended Complaint, and Plaintiff's 2nd Amended Complaint should be dismissed with prejudice.

WHEREFORE, First Franklin IN requests dismissal of Plaintiff's 2nd Amended Complaint with prejudice.

Respectfully submitted this the 20th day of November, 2018.

></br>
*/s/ Maggie Kate Bobo*
Mary Clay W. Morgan (MS Bar #101181)
Maggie Kate Bobo (MS Bar #105329)
ATTORNEYS FOR FIRST FRANKLIN IN

**OF COUNSEL:**
BRADLEY ARANT BOULT CUMMINGS, LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mmorgan@bradley.com
mkbobo@bradley.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, I electronically filed the foregoing via the Court's CM/ECF system, and the foregoing will be served via U.S. Mail postage prepaid to:

Natasha Boyland
4414 Wrenwood Drive
Horn Lake, MS 38637

*/s/ Maggie Kate Bobo*
Maggie Kate Bobo