IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NATASHA BOYLAND**
    **Plaintiff**

                                  **CASE NO.: 3:18-cv-00181-MPM-RP**

**v.**

**FIRST FRANKLIN, A DIVISION OF
NATIONAL CITY BANK OF INDIANA,
FIRST FRANKLIN CORPORATION,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, BANK OF AMERICA, SELECT
PORTFOLIO SERVICINGS, INC. AND
RUBIN LUBLIN LLC.**
    **Defendants**

## PLAINTIFF'S MEMORANDUM TO OPPOSITION TO DEFENDANT RUBIN LUBLIN, LLC'S MOTION TO DISMISS

### Opposition to Standard of Review

Under Rule 8(a) of the Federal Rules of Civil Procedures, "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule requires a "'showing', rather than a blanket assertion, of entitlement of relief." *Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n.3. (2007)*. When presenting a complaint, "a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly, 550 U.S. 562*. There must be enough details in the description to allege misconduct to lay the foundation for an identified legal claim. Presenting a motion to dismiss merely "tests the legal sufficiency of the complaint" thereby not an avenue for making factual findings. *Kost v. Kozakiewicz, 1 F.3d 176, 183 (3rd Cir. 1993)*. "When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint." *Murphy v. Bay Colony Property*

*Owners Ass'n, 12 So 3d 924,926*. Furthermore, the finding of the court must be "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Bell Atlantic Corp. v. Twombly, 550 U.S. 558,556; Dura Pharms., Inc. v. Broudo, 554 U.S. 336, 347 (2005)*.

### Opposition to Plaintiff has Failed to Plead Fraud with Particularity

According to Black's Law dictionary a "loan" is defined as "a sum of money confided to another. *Ramsey v. Whitbeck. 81 Ill. App. 210 ; Xylitols v. Pearson, 7 Pet. 109, S L. Ed. 023; Rodman v. Munson, 13 I' ah. (X. Y.) 75; Booth v. Terrell. 10 Ga. 25; Payne v. Gardiner, 29 N. Y. 107.* "A loan of money is a contract by which one delivers a sum of money to another, and latter agrees to return at a future time a sum equivalent to that which he borrowed." Plaintiff's complaint clearly states that she believed she was receiving a loan of money from defendant First Franklin A Division of National City Bank of Indiana . *See Doc. 34, pg. 2.* ¶ 6. The note states the same. *See Doc. 1 Exhibit B*.

Plaintiff's complaint states that she became aware of the fraud in September 2017. "If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered." *Mississippi Code § 15-1-67(2017)*.

Plaintiff's complaint states that "FIRST FRANKLIN A DIV. OF NAT. CITY BANK OF IN and FIRST FRANKLIN CORPORATION do not have the legal capacity to loan credit according to Article I 10 of the Constitution of the United States of America."

> [Article I Section 10 of Constitution] No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; make any thing but gold and silver coin a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility.

The Constitution of the United States is the supreme law of the land under Article VI, thereby giving more authority over any other laws and/or statues that may have been established in the STATE OF MISSISSIPPI. This also requires that the constitution and/or laws of any state that is "contrary" have no standing.

The Public Law of the 73rd Congress has created a National Emergency Banking Act. On March 9, 1933 House Resolution 1491, Chapter 1 under An Act in the Public Law of the 73rd Congress; page 1, has established a "relief to the existing national emergency in banking". In Chapter 1 of Title 1 under Section 3, page 2, of the Public Law of the 73rd Congress, it has been clearly stated that gold has been impounded. As a relief of the National Emergency Banking Act on June 5, 1933 the 73rd Congress, page 113, has established that obligations that require the obligee to make "payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy" by way of Public Resolution Number 10 in Chapter 48, page 112 to page 113. It further clarifies that ""obligation" means an obligation (including every obligation of and to the United States, excepting currency) payable in money of the United States" this is to include "coin or currency of the United States, including Federal Reserve notes and circulation notes of Federal Reserve banks and national banking associations".

The particularity surrounding fraud has been well stated in the complaint. It has been clearly stated that "fraud is a generic and an ambiguous term. It embraces misrepresentation which may be separated into the three familiar tort classification of intent, negligence, and strict responsibility. *See Whipp v. Iveson 168 N. W. 2d 201 (Wis. 1969).* The note and deed of trust [Doc. 1 exhibit B] is prima facia evidence that the elements of fraud are present to acknowledge 1.) a representation, 2.) its falsity, 3.) its materiality, 4.) the speaker's knowledge of its falsity or ignorance of its truth, 5.) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, 6.) the hearer's ignorance of it falsity, 7.) his reliance of its falsity, 8.) his right to rely thereon, and 9.) his consequent and proximate injury. These facts are also stated in the complaint.

Defendant, Rubin Lublin, LLC, by its own admission was appointed as Successor Trustee for said note and deed of trust. *See Doc. 15 page 2.* Rubin Lublin, LLC was to enforce the note and deed of trust. It has been established that "Any conduct capable of being turned into a statement of fact is representation. There is no distinction between misrepresentations effected by words and misrepresentations effected by other acts." *Leonard v. Springer 197 Ill 532. 64 NE 301.* No monies were paid to Rubin Lublin, LLC by Plaintiff therefore no monetary request for relief is being sought. However, the relief requested clearly asks the court to award punitive

damages in the amount the court deems fair for their participation. "Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages." *Barnsdall Refining Corn v. Birnam Wood Oil Co. 92 F 26 817.* Although not stated in the compliant Plaintiff strongly feels that through discovery other details regarding defendant Rubin Lublin, LLC will come forth.

### Opposition to Plaintiff Fails to Otherwise State a Claim of Fraud

Plaintiff's complaint clearly states why defendant, First Franklin A Div. of Nat. City Bank of IN does not have the capacity to loan money on pg. 4 of the complaint. The complaint further states on pg. 3 how the defendant, First Franklin A Div. of Nat. City Bank of IN claimed to have loaned money. "It is not necessary for recession of a contract that the party making the misrepresentation should have know that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." *Whipp v. Iverson, 43 Wis 2d 166.*

### CONCLUSION

"When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint." Murphy v. Bay Colony Property Owners Ass'n, 12 So 3d 924,926. Furthermore, the finding of the court must be "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 558,556; Dura Pharms., Inc. v. Broudo, 554 U.S. 336, 347 (2005). For the reasons detailed in this document, Plaintiff respectfully requests that this Court denies defendant, Rubin Lublin, LLC motion to dismiss.

Respectfully submitted 26th day of November 2018.

*Natasha Boyland*
Natasha Boyland
4414 Wrenwood Drive
Horn Lake, MS 38637
901-406-8502
nmboyland@icloud.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018 I have mailed the foregoing via U. S. Mail postage paid to:

Rubin Lublin, LLC
428 North Lamar Blvd., Suite 107
Oxford, MS 38655

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
Attention: Kavita G. Shelat
165 Madison Avenue, Suite 2000
Memphis, TN 3813

Bradley Arant Boult Cummings, LLP
Attention: Mary Clay Morgan & Maggie Kate Bobo
One Jackson Place
188 East Capitol Street, Suite 400
Jackson, MS 39201

*Natasha Boyland*
Natasha Boyland