**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**NATASHA BOYLAND**                                                                           **PLAINTIFF**

**VS.**                                                             **CAUSE NO. 3:18-cv-00181-MPM-RP**

**FIRST FRANKLIN, A DIVISION OF**
**NATIONAL CITY BANK OF IN, FIRST**
**FRANKLIN        CORPORATION,**
**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY,  BANK  OF  AMERICA,**
**SELECT   PORTFOLIO   SERVICING,**
**INC. AND RUBIN LUBLIN LLC.**

                                                                                            **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO REFER MATTER TO BANKRUPTCY COURT</u>**

Defendants Bank of America, N.A. ("BANA"), First Franklin, a Division of National City Bank of IN ("First Franklin IN"), and First Franklin Corporation ("First Franklin") (collectively "Defendants"), pursuant to 28 U.S.C. § 157(a) and Local Rule 83.6, file this Memorandum in Support of Motion to Refer Matter to Bankruptcy Court. As support, Defendants state:

<u>**BACKGROUND**</u>

1.      On or about July 18, 2005, Plaintiff executed a note in the amount of $134,995.00 ("Note") in favor of First Franklin IN.

2.      The Note is secured by a deed of trust ("Deed of Trust") encumbering property located at 4414 Wrenwood Drive, Horn Lake, MS (the "Property").

3.      On or about June 24, 2014, First Franklin executed an assignment of the Deed of Trust to Defendant Deutsche Bank National Trust Company, as Trustee, in Trust for Registered

Holders of First Franklin Mortgage Loan Trust 2005-FFH3, Asset-Backed Certificates, Series 2005-FFH3 ("Deutsche Bank").

4.      BANA serviced the loan until it was service-released to Select Portfolio Servicing, Inc. ("SPS") on December 16, 2013.

5.      On August 24, 2018, Plaintiff filed a complaint against Defendants. Doc. 1.

6.      On November 6, 2018, Plaintiff filed a second amended complaint. Doc. 34. The second amended complaint contains one count for fraud against Defendants and Deutsche Bank, SPS, and Rubin Lublin LLC.

7.      Plaintiff claims First Franklin IN committed fraud because (a) First Franklin IN claims to have given a loan of money to Plaintiff when it never actually gave Plaintiff a loan from its own capital, and (b) First Franklin IN and First Franklin Corporation did not have legal capacity to loan credit or money from their own capital. Based upon these allegations, Plaintiff seeks to recover the Note "or its proceeds," the amounts paid to BANA and SPS pursuant to the loan, punitive damages, the release of the Deed of Trust, credit reporting correction, and a formal written apology.

8.      On or about October 12, 2018, Plaintiff filed a Chapter 7 bankruptcy in the United States Bankruptcy Court, Northern District of Mississippi, Case No. 18-13983. The Plaintiff lists this lawsuit as "Pending Litigation" in her bankruptcy schedules. *See* Bankruptcy Schedules at 10 attached hereto as Exhibit A.

9.      In her bankruptcy, Plaintiff filed a Motion of Natasha Boyland to Void Foreclosure Sale and Discharge all Debts Listed ("Bankruptcy Motion"). *See* Bankruptcy Motion attached hereto as Exhibit B.

10.     The Bankruptcy Motion alleges Defendants "never requested payment in the legal

2

form of tender as required by the Constitution" and that "[s]ince no payment can be made in gold nor United States currency all debts should be discharged." Based upon the allegations, Plaintiff seeks to recover all payments made on the loan and for release of the Deed of Trust.

## **ARGUMENT**

### I.  **Bankruptcy Jurisdiction Under 28 U.S.C. § 1334(b)**

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 994 (5th Cir. 1985). "To determine bankruptcy jurisdiction, it is unnecessary to distinguish between [proceedings arising under, arising in a case under, or related to a case under title 11]; it is only necessary to determine whether a matter is at least 'related to' the bankruptcy." *Windham v. Mechs. Bank*, No. 3:14-CV-00087-DMB-SAA, 2016 U.S. Dist. LEXIS 3555, at *4-5 (N.D. Miss. Jan. 12, 2016) citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001). "Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the proceeding could conceivably affect the estate being administered in bankruptcy." *Id*. (citing *In re KSRP, Ltd.*, 809 F.3d 263, 2015 U.S. App. LEXIS 21807, 2015 WL 9022040, at *2 (5th Cir. Dec. 15, 2015)); *see also Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 575 (S.D. Miss. 2001) ("Generally, a proceeding is related to a bankruptcy case if the proceeding could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding possibly could have an impact on the estate being administered in bankruptcy."). "'Related to' jurisdiction includes any litigation where the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id*.

Moreover, the "commencement of a bankruptcy case creates an estate, and the bankruptcy trustee, as the representative of the estate under 11 U.S.C.S. § 323, is required to marshal the debtor's property for the benefit of the estate." *Smith v. Wilburn* (*In re Delta Invs. & Dev.*) 2019 Bankr. LEXIS 58, at *46 (Bankr. S.D. Miss 2019). "Property of a bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case, 11 U.S.C.S. § 541(a)(1), and any interest in property that the estate acquires after the commencement of the case, 11 U.S.C.S. § 541(a)(7)." *Id.* "A *bankruptcy estate includes causes of action either that belonged to the debtor at the commencement of the debtor's case* or were acquired by the debtor after the commencement of their bankruptcy case. Whether a bankruptcy trustee has standing to pursue a cause of action simply depends on whether the cause of action belongs to the debtor's bankruptcy estate." *Id.* (*emphasis added*).

This proceeding relates to Plaintiff's bankruptcy. In fact, this suit is substantially similar to the Bankruptcy Motion filed against Defendants. Moreover, this suit seeks to recover payments made under the loan and seeks to release of the Deed of Trust. This suit is, in fact, property of the Bankruptcy estate. The relief sought, if awarded, will affect Plaintiff's bankruptcy because the release of the Deed of Trust would alter Plaintiff's rights and liabilities under the loan. *See Windham*, 2016 U.S. Dist. LEXIS 3555, at *4-5. Moreover, the award of monetary damages "may have the effect of either reducing or enlarging the property of the bankruptcy estate," and therefore, belong to the estate and the Bankruptcy trustee. *See Id.* (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001) and *Smith*, 2019 Bankr. LEXIS 58 (Bankr. S.D. Miss 2019)).

## II.     Motion to Refer

"Each district court may provide that any or all bankruptcy cases and related proceedings shall be referred to the bankruptcy judges for the district." *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015) (internal quotations omitted); 28 U.S.C. § 157(a). In the Northern District of Mississippi, Local Rule 83.6 dictates: "All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this District pursuant to 28 U.S.C. § 157(a)." "Thus, where this Court's bankruptcy jurisdiction has been established, the matter should be referred to the Bankruptcy Court absent a compelling reason against referral." *Windham*, 2016 U.S. Dist. LEXIS 3555, at *6-7.

Here, this Court's bankruptcy jurisdiction has been established and there is no compelling reason why this matter should not be referred to the Bankruptcy Court. Moreover, because the cause of action belongs to the Bankruptcy trustee and the Bankruptcy estate, the Bankruptcy court should hear this action.

## <u>CONCLUSION</u>

WHEREFORE, Defendants request the Court enter an Order referring this matter to the United States Bankruptcy Court for the Northern District of Mississippi.


Respectfully submitted this the 1st day of February, 2019.

                              */s/ Christina M .Seanor*
                              Mary Clay W. Morgan (MS Bar #101181)
                              Christina M. Seanor (MS Bar #104934)
                              BRADLEY ARANT BOULT CUMMINGS, LLP
                              Suite 1000, One Jackson Place
                              188 East Capitol Street
                              Post Office Box 1789
                              Jackson, MS 39215-1789

Telephone: (601) 948-8000
Facsimile: (601) 948-3000
mmorgan@bradley.com
cseanor@bradley.com

ATTORNEYS FOR BANK OF AMERICA, N.A.,
FIRST FRANKLIN, A DIVISION OF NATIONAL CITY
BANK OF INDIANA, AND
FIRST FRANKLIN CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 1, 2019, I electronically filed the foregoing via the

Court's CM/ECF system, and the foregoing will be served via U.S. Mail postage prepaid to:

Natasha Boyland
4414 Wrenwood Drive
Horn Lake, MS  38637

*/s/ Christina M. Seanor*
Christina M. Seanor